UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON McKINNEY,

        Plaintiff,        Case No. 1:17-cv-15

v.        Honorable Paul L. Maloney

REED MANN et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Shannon McKinney is presently incarcerated with the Michigan Department of Corrections at the Marquette Branch Prison in Marquette, Michigan. Plaintiff is serving a sentence of 1 year, 3 months to 5 years for common law fraud, MICH. COMP. LAWS § 750.280; a sentence of 1 year, 3 months to 2 years for welfare fraud, MICH. COMP. LAWS § 400.602 et seq.; and 2 to 8 years for delivery of a controlled substance, MICH. COMP. LAWS § 333.7401(2)(d)(iii). The incident of which Plaintiff complains, however, did not occur following his confinement at Marquette Branch Prison for those crimes. It occurred at the hands of Berrien County Deputy Sheriff Reed Mann on July 20, 2015, while Plaintiff was at the Berrien County Courthouse to enter his guilty plea for delivery of a controlled substance. Plaintiff alleges that Defendant Mann used excessive force when he removed Plaintiff from the courtroom and while conversing with Plaintiff in a holding cell.

Plaintiff describes the events as follows:

> Deputy Mann . . . pulled me out in the hallway and slammed me into the [courtroom] door and subsequently the hallway wall [and said] "If you don't sit still next time I'll take you out and take you down to the damn floor, and you will not be coming back into court"
>
> \*    \*    \*
>
> Upon leaving court Deputy Mann took me to the holding tank and put his finger to my nose and stated "You are going to respect me motherfucker." I didn't respond. He then said "That's why you are getting the amount of time you are getting."

(Compl., ECF No. 1, PageID.3.) Plaintiff alleges that Deputy Mann's conduct violated Plaintiff's rights and was a vicious and malicious assault. He also names Sheriff Paul Bailey as a defendant. He sues both defendants in their official and individual capacities. Plaintiff seeks compensatory damages of $110,000.00 and punitive damages of $240,000.00 from each defendant.

**Discussion**

    I.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

With respect to Defendant Bailey, Plaintiff has failed to identify any actionable conduct. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendant Bailey in the body of his complaint.

His allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

To the extent Plaintiff is attempting to impose liability on Defendant Bailey for acts perpetrated by Defendant Mann, he cannot prevail. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)).

With respect to Defendant Mann, Plaintiff has made specific allegations suggesting that Defendant Mann used excessive force. Claims for the use of excessive force against individuals "who have been tried, convicted, and sentenced" are governed by the Eighth Amendment. *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). The events of which Plaintiff complains occurred before he was sentenced.

Excessive force claims that arise in the context of an arrest or investigatory stop of a free citizen are covered by the Fourth Amendment's prohibition against unreasonable searches and seizures. *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (citing *Whitley v. Albers*, 475 U.S. 312, 318-322 (1986)). This incident, however, occurred well after Plaintiff's arrest, after he had pleaded *nolo contendere* to the fraud charges, and perhaps even after he had pleaded guilty to the marijuana charge. At that stage of proceedings, as a pretrial detainee, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment. *Richko*, 819 F.3d at 915. Under the Fourteenth Amendment Plaintiff is "entitled to the same Eighth Amendment rights as other inmates." *Id.* "Thus, Supreme Court precedents governing prisoners' Eighth Amendment rights also govern the Fourteenth Amendment rights of pretrial detainees." *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 358 (6th Cir. 2016).

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments" upon prisoners. U.S. CONST. amend. VIII. Not "every malevolent touch . . . gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986). The Eighth Amendment's prohibition of 'cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force . . . ." *Id.* at 9-10. "Federal courts have routinely held that a single push, shove, punch, or blow by a prison guard does not rise to the level of a constitutional violation. The same holds true even when the push or shove appears to be unnecessary." *Stanley v. Smith*, 2008 WL 4534434, at *6 (W.D.Mich., Sept.29, 2008) (citing *Hampton v. Alexander*, No. 95–3457, 1996 WL 40237 (6th Cir. Jan.31, 1996)). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs*, 315 F.3d at 556 (citing *Pelfrey*

*v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)).  Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 Fed.Appx. 579, 582 (6th Cir. 2011).

There is an objective component and a subjective component to an Eighth Amendment claim.  *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)).  First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383.  We ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  This component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8, (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred.  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.  Nevertheless, a prisoner must allege that he has suffered or is threatened with suffering actual harm as a result of defendants' acts or omission before he can make a claim with an arguable basis in Eighth Amendment jurisprudence.  *Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998).

Plaintiff's claim that Defendant Mann pushed him through the courtroom door and against the hallway wall and shoved his finger in Plaintiff's face appear to be the type of *de minimis* uses of force which *Hudson* makes clear do not rise to the level of a constitutional violation. *See De Walt v. Carter*, 224 F.3d 607, 620 (7th Cir.2000); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997); *Show v. Patterson*, 955 F.Supp. 182, 193 (S.D.N.Y.1997). Although the absence of injury does not foreclose a claim, it is telling here.

Defendant Mann's verbal harassment and threats also fail to rise to the level of an Eighth Amendment violation. The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a

corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.").

Plaintiff has failed to state a claim for violation of his rights as a pretrial detainee.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: February 28, 2017        /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge